IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-127 |
| | ) | Hon. Leonie M. Brinkema |
| LOURDES TERRAZAS-SILAS, | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO REVOKE DETENTION ORDER

Defendant Lourdes Terrazas-Silas filed a motion asking the Court to revoke the prior order of detention issued on April 5, 2019. [Docket Entry (D.E.) 10.] The defendant claims to have now identified a third-party custodian—a friend and a friend's cousin—and seeks release to that custodian. [D.E. 15.] The defendant's motion argues that the defendant does not pose a risk of nonappearance. In light of the defendant's background and criminal history, the strong evidence of her guilt of the charged offense, and the seriousness of that offense, the government believes that the defendant poses a serious risk to the safety of the community and a significant risk of non-appearance at future proceedings. Accordingly, the government asks the Court to deny the defendant's motion.

## I.   Legal Background

A defendant should be released pending trial unless the Court finds "that no condition or combination of conditions will reasonable assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(a), (e). In making this determination, the Court should take into account "the nature and circumstances of the offense charged," "the weight of the evidence against the person," "the history and characteristics of the

person," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

## II.   Risk to the Community

The defendant sexually abused a minor for at least six years. For her actions, on June 13, 2017, the defendant was convicted in the Commonwealth of Virginia of felony aggravated sexual battery by a parent, step-parent, grandparent, or step-grandparent of a victim at least thirteen but less than eighteen years of age. The defendant was sentenced to twenty years' incarceration with seventeen years of that suspended. She then served her sentence in state prison, during which time she was charged with the instant offense of illegal reentry in violation of 8 U.S.C. § 1326(a) and an arrest warrant was issued. [D.E. 1, 5.] Upon her release from state incarceration, the defendant was arrested on April 4, 2019.

The defendant poses a serious risk to the safety of the community. For six years, she sexually abused a member of her own family. There is no condition nor combination of conditions that can reasonably assure the safety of the community.

## III.   Risk of Non-Appearance

Nor is there any condition or combination of conditions that can reasonably assure the defendant's appearance in future proceedings. The defendant does not have lawful status in the United States, the government's evidence is strong and the defendant is facing further incarceration. The defendant, therefore, has incentive to flee. Additionally, there is an Immigration and Custom Enforcement (ICE) detainer in place.

The weight of the evidence against the defendant is strong. The defendant's alien files shows that the defendant is a Bolivian national without lawful status in the United States. It further shows that the defendant was previously removed from the United States after she was arrested by the Immigration and Naturalization Service (INS) at the San Ysidro Port of Entry on or about

December 6, 1999.  She was then held in INS custody until her removal from the United States on or about January 27, 2000.  She reentered shortly thereafter but was not found by immigration officials until her arrest for aggravated sexual battery on or about August 19, 2016.  The defendant was charged by criminal complaint on February 27, 2019.  After her arrest on April 4, 2019, the defendant was indicted on April 18, 2019.  The government's evidence of the defendant's illegal reentry offense is strong.

Moreover, the defendant has been charged with a felony for which she faces further incarceration.  The defendant has been charged with illegal reentry after having been removed from the United States, in violation of 8 U.S.C. § 1326(a).  The statutory maximum for this offense is two years.  The defendant's applicable Guidelines range for this offense will be relatively high.  Illegal reentry offenses begin with a base offense level of 8, and she will receive a further 8 levels for her felony conviction for aggravated sexual battery.  U.S.S.G. § 2L1.2(a), (b)(3)(B).  Her criminal history includes not only that felony conviction but also a 2003 misdemeanor conviction for concealment, price alter merchandise less than $200, resulting in criminal history category III.  U.S.S.G. § 4A1.1(c), (e)(2); *see, e.g.*, *United States v. Gonzalez-Camacho*, 217 F. App'x 229, 230 n.* (4th Cir. 2007) ("In any event, such a claim would be without merit because illegal reentry is a continuing offense that begins when a previously removed alien enters the country and continues until he is found by immigration officials.").  A preliminary calculation of the applicable Guidelines range, therefore, even if the defendant were to plead guilty and receive acceptance of responsibility, would be 21 to 27 months.  Given the strength of the evidence against her and the possible penalty she faces, the defendant has an incentive to flee.

Finally, there is an active immigration detainer in place.  The defendant is a Bolivian national without lawful status to be present in the United States.  The defendant argues that an immigration detainer is not a dispositive factor in determining risk of flight.  While an immigration

detainer may not be determinative, without countervailing factors, it strongly suggests a risk of nonappearance. The defendant cites *United States v. Nieto-Garcia*, 2017 WL 4125268 (N.D. W.Va. Sept. 18, 2017) for the proposition that an ICE detainer is not dispositive, but even in that case the district court recognized that the presence of an ICE detainer is a relevant factor. *Id.* at \*2 (calling it "not a *determinative* factor" and noting that the government's sole argument was that there was a detainer in place and that "the defendant has offered several other compelling reasons why he is not a flight risk"); *see also United States v. Fuentes-Flores*, No. 2:14-cr-66-FtM-38CM, 2014 WL 3908168, \*5 (M.D. Fla. Aug. 11, 2014) ("While an ICE detainer cannot be the sole reason for detaining an individual in custody, it can be used as a consideration for detention."); *United States v. Al'Saqqa*, No. 13-8530, 2014 WL 252035, \*3 (S.D. Fla. Jan. 7, 2014) ("Although not presumptively determinative, the fact that a defendant has an ICE detainer is also a factor to consider when evaluating the appropriateness of the pretrial detention"). *But see United States v. Santos-Flores*, 794 F.2d 1088, 1090–92 (9th Cir. 2015).

Many of the cases the defendant cites also relate to whether *ICE* may detain an alien for removal purposes when a district court has ordered release in a *criminal* proceeding.[1] But that question is not before the Court here, where the defendant's motion is limited to a challenge as to the order of pretrial detention issued on April 5, 2019. Regardless, ICE's authority to detain an illegal alien pending removal from the country is independent of the U.S. Marshal's authority to detain a criminal defendant pre-trial. *See United States v. Vasquez-Benitez*, 919 F.3d 546, 552–53 (D.C. Cir. 2019) ("So long as ICE detains the alien for the permissible purpose of effectuating his removal and not to 'skirt [the] Court's decision [in] setting the terms of [his] release under the

---

[1] *E.g.*, *United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167 (D. Ore. 2012); *United States v. Boutin*, 269 F. Supp. 3d 24 (E.D.N.Y. 2017) (government did not seek to detain the defendant pretrial in criminal proceeding); *United States v. Blas*, No. 13-cr-178, 2013 WL 5317228 (S.D. Ala. Sept. 20, 2013).

BRA,' Opinion and Order at 7, ICE's detention does not offend separation-of-powers principles simply because a federal court, acting pursuant to the BRA, has ordered that same alien release pending his criminal trial." (alterations in original)); *United States v. Veloz-Alonso*, 910 F.3d 266, 270 (6th Cir. 2018) ("While the district court correctly found that deportable aliens are not per se ineligible for bail, it incorrectly extended that finding to also infer that an alien released on bail is ineligible for detention.").

If the defendant is released, she would be detained by immigration authorities pursuant to the ICE detainer and removal proceedings would begin promptly. *See* 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."); 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien. . . ."); 8 U.S.C. § 1231(a)(4)(A) ("Parole, supervised release, probation, or possibility of arrest or further imprisonment is not a reason to defer removal."); *see also* 8 U.S.C. § 1231(a)(5).

Even if there were no immigration detainer, however, the defendant has a strong incentive to flee, given the weight of the evidence against her, the potential period of incarceration she faces, and the immigration consequences (including those independent of the outcome of the instant criminal prosecution). The defendant emphasizes the length of time that she has lived in the United States. [D.E. 15, Motion at 5.] The United States would emphasize once again that during a significant portion of that time, the defendant was sexually abusing a minor family member. And to the extent that the defendant wishes to remain in the United States, she does not have lawful status in this country and, therefore, has more incentive to not appear for further judicial proceedings to avoid not just potential criminal consequences but also immigration consequences.

Finally, the United States would note that the defendant has identified a potential third-party custodian, a combination of a friend and a cousin of a friend. [D.E. 15, Motion at 5.] The government's understanding is that the proposal would entail the friend serving as the third-party custodian while the friend's cousin provided the residence. As of the time of filing this response, the United States is unaware of any finding of suitability of the proposed third-party custodian or of the residence[2] in question by Pretrial Services.

In conclusion, the United States believes that the defendant's recent criminal history demonstrates that the defendant poses a significant risk to the community if released. Additionally, the United States believes that seriousness of the offense, the nature of the offense, the strong evidence of guilt, and the defendant's lack of ties to this community all establish that the defendant presents a risk of nonappearance insufficiently addressed by available release conditions. Accordingly, the United States respectfully requests that the Court deny the defendant's motion to revoke her detention order, and that the defendant remain detained on the same conditions.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:  ___/s/_____
Jessica A. Kraft
Special Assistant United States Attorney
Jonathan Fahey
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia  22314
Phone: (703) 299-3700
Fax: (703) 299-3980
Email: Jessica.Kraft@usdoj.gov

---

[2] For example, the ensured absence of any minors would be an important consideration. One of the special conditions of the defendant's state probation is that she have no contact whatsoever with any minor children.

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

          /s/_____
Jessica A. Kraft
Special Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3980
Email: Jessica.Kraft@usdoj.gov