IN THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | No. 1:19-cr-127 |
| v. | ) | |
| | ) | |
| LOURDES TERRAZAS SILES, | ) | Hon. Leonie M. Brinkema |
| Defendant. | ) | |
| | ) | Motions Hr'g: July 5, 2019 |

### DEFENDANT'S REPLY REGARDING THE BURDEN OF PROOF
### IN SUPPORT OF MOTION TO DISMISS THE INDICTMENT

The government's supplemental pleading tellingly abandons its original, correct position that it bears the burden of proof as to the statute of limitations. *Compare* Govt Response, Dkt. No. 23, at 3, *with* Govt Supp. Response, Dkt. No. 29, at 2-3. The evidence indicates that the government was aware of Ms. Terrazas Siles' presence in the United States in 2001,[1] and the government now wrongly seeks to

---

[1] The defense flatly rejects the government's characterization of counsel's diligence in discovery. *See* Govt Supp. Response at 7-11. The government has made eight productions in this case, six of which post-dated the defense's Motion to Dismiss, seven of which contained only one or two documents. Many of the documents were partially redacted requiring counsel to visit the United States Attorney's Office (USAO) after each production to review un-redacted versions. Counsel has consistently and promptly done so. The government makes this process more onerous by producing, document-by-document, partially redacted discovery where, often, (a) the redactions are unnecessary, or (b) the redacted material is irrelevant. For example, defense counsel traveled to the USAO to review a document wherein the information redacted was merely a law enforcement agent's identification number and an irrelevant hyperlink. Just this week, defense counsel went to the USAO to review the latest partially redacted document only to learn that the government had determined most of those redactions were unnecessary. *See* Govt Second Supp. filing, Dkt. No. 30 (July 2, 2019).

put that burden on the defense. It cannot. As the government recognized in its opening response, *it* bears the burden of proof as to the timely bringing of a criminal prosecution.

The Supreme Court has clearly identified who bears the burden of proof on the statute of limitations: "When a defendant presses a limitations defense, the Government *then* bears the burden of establishing compliance with the statute of limitations by presenting evidence that the crime was committed within the limitations period or by establishing an exception to the limitations period." *Musacchio v. United States*, 136 S. Ct. 709, 718 (2016) (emphasis in original) (citing *United States v. Cook*, 84 U.S. 168, 179 (1872)). *See also United States v. DeLia*, 906 F.3d 1212, 1217 (10th Cir. 2018) (same, quoting *Musacchio*, 136 S.Ct. at 718); *United States v. Martinez*, 862 F.3d 223, 235 (2d Cir. 2017) (same, quoting *Musacchio*, 136 S. Ct. at 718), *vacated on other grounds by Rodriguez v. United States*, No. 18-5234, 2019 WL 2649795 (U.S. June 28, 2019); *United States v. Williams*, 683 F. App'x 376, 382 (6th Cir. 2017) (same, quoting *Musacchio*, 136 S. Ct. at 718); *United States v. Olivas-Perea*, 297 F. Supp. 3d 1191, 1206-07 (D.N.M. 2017) (same, applying *Musacchio* to 18 U.S.C. § 1326(a) and finding statute of limitations expired). This is the law in the Fourth Circuit as well, notwithstanding the government's about-face. *See* Govt Response, Dkt. No. 23, at 3 (citing *United States v. Wilson*, 118 F.3d 228, 236 (4th Cir. 1997) ("The government bears the burden of proving that it began its prosecution within the statute of limitations period.")).

In short, while the government has no affirmative burden when the statute of limitations is not raised, once the issue does arise, the government bears the burden. This makes sense because "[w]here the facts with regard to an issue lie peculiarly in the knowledge of a party, that party is best situated to bear the burden of proof." *Smith v. United States*, 568 U.S. 106, 112 (2013). Though the government cited *Smith* in support of its contrary argument, the case supports the defense's position. *Smith* queried who bore the burden of proof to show withdrawal from a conspiracy prior to the statute of limitations expiry—not who bore the burden on the statute of limitations itself. *See id.* In resolving that question, the Court made clear that, had the question been who bore the burden on the statute of limitations, it would be the government. *See id.* at 113 ("To be sure, we have held that the Government must prove the time of the conspiracy offense if a statute-of-limitations defense is raised.") (citing *Grunewald v. United States*, 353 U.S. 391, 396 (1957)).

The government's other precedent fares no better. The government leans on three cases from this Court's Richmond division, each of which is entirely conclusory on the relevant issue, and two of which precede *Musacchio*. *See, e.g.*, Govt Supp. Response at 2-3 (citing *United States v. Merentes-Vargas*, No. 3:09-cr-86, 2009 WL 1587291, at *3 (E.D. Va. June 5, 2009)); *id.* at 2 n.1 (citing additional unreported Richmond division case law to explain why the Fourth Circuit's decision in *Wilson* should not be deemed controlling). The government asserts that these cases somehow set a different standard for illegal re-entry prosecutions, *see* Govt. Supp. Response at 2, but they do no such thing. The cases rotely recite the burden of proof for affirmative

3

defenses (as opposed to the burden for the statute of limitations) and contain no substantive analysis of the burden specific to the statute of limitations—much less do they actually parse out a separate standard for the burden in § 1326 cases.[2] *See, e.g.*, *United States v. DeLeon-Ramirez*, No. 3:17-cr-89, 2017 WL 5163607, at *5 (E.D. Va. Nov. 7, 2017) (citing *Merentes-Vargas*).

The law is clear. The defense has the obligation to raise a statute of limitations defense. Ms. Terrazas Siles did so here. Once the defense is raised, the government must prove that it brought its prosecution within the statute of limitations, which is appropriate because the government is best suited to show what it knew and when. Here, the government has produced multiple documents showing, in its words, an "encounter" with Ms. Terrazas Siles on May 29, 2001.[3] Its best explanation is speculation. *See* Govt Response, Dkt. No. 23, Ex. 1 ¶ 7 ("This record *appears to be* a historical fingerprint enrollment . . . *If there had been* an arrest or encounter by INS on or about May 29, 2001, *there would be* documents . . . ." (emphasis added)). That explanation is belied by the documents themselves: The record in question is *not* described in the government's records as a "historical fingerprint enrollment"—

---

[2] In turn, these cases rely on a trio of Fourth Circuit precedent that does not address the burden of proof on statutes of limitations at all. *See United States v. Husband*, 119 F. App'x 475, 480 (4th Cir. 2005); *United States v. Matzkin*, 14 F.3d 1014, 1017-18 (4th Cir. 1994); *United States v. Williams*, 584 F.2d 296, 299 (4th Cir. 1982).

[3] The government recently produced a document defining an "encounter" as a "unique submission of biometric and associated biographic information sent to [the Office of Biometric Identity Management]. An Encounter Identification number (EID) is assigned representing that specific transaction with associated biographic data (location encountered, date/time, name, document #, gender, etc.)." *See* Govt Ex. 14, Dkt. No. 30-1, at 19.

4

though actual historical fingerprint enrollment entries are clearly marked as such. *See* Def. Supp. Memo, Dkt. No. 28, at 4; Def. Ex. F. The May 29, 2001 date also appears in multiple places in the government's records, *see* Def. Exs. E & F, whereas the dates marked as "historical fingerprint data" do not appear elsewhere.

The government bears the burden here. Its best explanation is speculative and contrary to the evidence. Under the circumstances, the government has not met its burden. This Court must dismiss the indictment.

>Respectfully submitted,
>Lourdes Terrazas Siles
>
>By counsel,
>
>Geremy C. Kamens
>Federal Public Defender
>
>/s/ Cadence Mertz
>Cadence Mertz
>Va. Bar No. 89750
>Assistant Federal Public Defender
>Office of the Federal Public Defender
>1650 King St, Suite 500
>Alexandria, VA 22314
>(703) 600-0840 (T)
>(703) 600-0880 (F)
>Cadence_Mertz@fd.org
>
>/s/ Katherine Maddox Davis
>Katherine Maddox Davis
>Va. Bar No. 89104
>GIBSON, DUNN & CRUTCHER LLP
>1050 Connecticut Avenue NW
>Washington, DC 20036
>(202) 955-8587
>kdavis@gibsondunn.com
>*Pro Bono Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2019, I filed the foregoing notice with the Clerk of the Court via the CM/ECF system, which will serve true and correct copies on counsel of record.

/s/ Katherine Maddox Davis
Katherine Maddox Davis
Va. Bar No. 89104
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue NW
Washington, DC 20036
(202) 955-8587
kdavis@gibsondunn.com